```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                     SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION


FRANK LEE BACK, AIS # 147599,    :

      Plaintiff,                 :

vs.                              :   CIVIL ACTION 07-0638-KD-M

BRAXTON KITTRELL, et al.,        :

      Defendants.                :
```

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and(ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

I.  Nature of Proceedings.

Plaintiff filed his Complaint on this Court's section 1983 complaint form. (Doc. 1). He listed as Defendants: Braxton L. Kittrell, Circuit Court Judge for Mobile County, Alabama; Chris Galanos, District Attorney for Mobile County; Gary C. Smith, Assistant District Attorney; Donald E. Brutkiewicz, his criminal defense counsel; John Douglas Rivers, defense counsel in post-

conviction proceedings (Doc. 4 at 29); Gary W. Hooks, Jr., defense counsel in post-conviction proceedings (*id.*); and David Hill, Detective with the Mobile County Sheriff's Department (Doc. 1 at 11). He seeks compensatory and punitive damages from these Defendants and "such other relief as it may appear that plaintiff is entitled." (Doc. 1 at 11-12; Doc. 4 at 35).

The Complaint (Doc. 1) contains very few specific facts. It is comprised chiefly of conclusions of law and vague statements. However, the Court does discern the following facts. Plaintiff was convicted by a jury on June 5, 1987, of rape, first-degree. (Doc. 1 at 6, 9). He received a sentence of life imprisonment. (*Id.* at 6). The Alabama Court of Criminal Appeals affirmed his conviction without opinion on January 26, 1988, and the Alabama Supreme Court denied the writ of certiorari on April 29, 1988. (*Id.* at 10).

In the Complaint Plaintiff alleges that Defendants engaged in "conspiracies" to obtain his conviction, without offering any other specific facts. Plaintiff claims that Defendant Kittrell, as the trial court judge, had the responsibility to know that the type of assistance that Defendant Brutkiewicz "was doing [was] rong," (*id.* at 8), that the state court is under an obligation to protect the Plaintiff from a violation of his constitutional rights, and that the State's evidence was insufficient. (*Id.* at 9). Plaintiff maintains that there was an "Illegal placement of

2

Evidence Concerning [his] Criminal Case To get A Conviction[.]"
(*Id.* at 8).  Plaintiff asserts that Defendant Kittrell had a duty
to intervene to prevent violations of Plaintiff's constitutional
rights, but he chose not to do this.  (*Id.* at 9).  Instead, he
"help[ed] the Defendants Donald E. Brugtkiewicz, Cris Galones,
Gary C. Smith, and Other Defendants to get A Conviction on the
Plaintiff."  (*Id.* at 10).  This is the sum of Plaintiff's
allegations in this original Complaint.

Subsequently, Plaintiff filed an Amended Complaint (Doc. 4)
of his own volition, which consists of seventy-seven pages,
thirty-eight of which are his allegations with the remainder
containing exhibits.  This Amended Complaint is not on the
Court's complaint form and contains a lengthy narrative, which
repeats itself at times, and numerous allegations that are not
connected to a specific Defendant.  The Amended Complaint relies
on terminology found in a habeas proceeding, in particular, his
inappropriate use, for the most part, of "default" or
"defaulted."  Thus, the Court will extract from this pleading
those allegations that are connected to a Defendant.  The
allegations that are not connected to a Defendant or to the
office that a Defendant holds will not be discussed as they fail
to state a claim.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th
Cir. 1986)(a causal connection must be establish between a
defendant's actions, orders, customs, or policies and a

3

deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action).

A *pro se* litigant's allegations are given a liberal construction by the Court. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (the allegations of a *pro se* plaintiff are held to a more lenient standard than the allegations of an attorney). The Court, however, does not have "license . . . to rewrite an otherwise deficient pleading [filed by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis* and was in prison when he filed this action, the Court is reviewing Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001); *Brown v. Bargery,* 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

4

claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327, 109 S.Ct. at 1833.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S.Ct. 1955, 1966 (2007); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)(adopting the review standard of Rule 12(b)(6) for review of dismissals under § 1915(e)(2)(B)(ii)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.* at 1965.  That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 1966 (second brackets in original).  "[L]abels and conclusions and a

5

formulaic recitation of a cause of action's elements" are
insufficient for grounds for entitlement to relief. *Id.* at 1965.
However, when a successful affirmative defense, such as a statute
of limitations, appears on the face of a complaint, dismissal for
failure to state a claim is also warranted. *Jones v. Bock*, 549
U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

III. <u>Analysis</u>.

    A. <u>Conspiracy Claims</u>.

    Plaintiff begins his allegations by stating that Defendants
Kittrell, Galanos, Smith, and Brutkiewicz conspired to have him
convicted. (Doc. 1 at 4). Then in the Amended Complaint,
Plaintiff adds Defendants Rivers, Hooks, and Hill to the
conspiracy by stating that they and the other Defendants
"Conspired With Defendant . . . Brugtkiewicz to g[e]t a
Conviction on Plaintiff." (Doc. 4 at 4). Even though he has
alleged a conspiracy, Plaintiff uses the word "conspiracy"
infrequently in his allegations. Because Plaintiff has not
specified the facts on which the conspiracy is based, the Court
has discerned that the following facts in Plaintiff's affidavit
may support a conspiracy claim.

> 3)  On Or About Jun or July 16th 1987 Way
> the trial was going On, [On the page of the
> Trial Transcrip page [R-204] Lines 18-21
> shows that the Defendant Judge Kitrell Tuck
> Plaintiff's Attorney, one at the Defendant
> Donald E. Brugtkiewzi, and the Defendant's
> District Attorney Crist Galanos, and
> Defendant Gary C. Smith, Back in his Chambers

to talk to them about me and my Trial, Then
he Call me in his Chambers, Then this is what
I hard them state:

4)   "He Whisper Something in my Attorney's Ear,
Then my Attorney Throud up his hands and started
to leve then, The Defendant Assistant District
Attorney stated, "Give this one to me, then I'll
let you have the next one."

5)   Then Judge Kittrell Look at me and
stated this to me, "This is my Court House, I
do what I want to do, as long as I Live and
you live you will never get Back in this
Court house to ruing my Name and my
Reputation, I will have something dun to
you."

6.)   Then the Defendant Judge Kittrell told
The officer to Take me Back out in the Court
Room, I ask what the Judge Wispered to my
Attorney but he told me he could mot Tell me
What he stated to him.

7.)   All the Defendant's Did Conspired with
each other to get a Conviction on me.

(Doc. 4 at 37-38).

      In addition to the foregoing allegations, Plaintiff attached

a portion of his trial transcript, Exhibit 4. (*Id.,* Ex. 4 at 49-

68).   In a passage circled by Plaintiff, the record reflects that

Defendant Kittrell stated: "Mr. Brutkieitz, Mr. Smith, let me

talk to you all back in my chambers.   (Off the record discussion

in chambers.)   (A brief recess was had.)"   (Ex. 4 at 53).

Immediately prior to this statement by Defendant Kittrell, a

witness for the prosecution had not appeared, so Defendant

Kittrell ordered that a recess be taken until the witness

arrived.   (*Id.* at 53).   Then, when the witness did not arrive,

Defendant Kittrell recessed the court and ordered the trial to resume the next morning. (*Id.* at 53-54). The prosecution advised that it would rest after the testimony of that witness. (*Id.* at 53).

Some of the trial transcript pages were not furnished by Plaintiff, as evidenced by the absence of pages between R-204 to R-208. (*Id.* at 53-54). Based on R-208, when the trial resumed, counsels were arguing the law for the purpose of determining jury instructions. (*Id.* at 54, 55, 58). Defendant Kittrell then determined that he would only give a charge for the offense of rape, first-degree. (*Id.* at 58).

"To establish a prima facie case of section 1983 conspiracy, a plaintiff must show among other things, that the defendants 'reached an understanding to violate [his] rights.'" *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original). It is not necessary to produce a "smoking gun" to show an "understanding" or "willful participation," but there must be some evidence of an agreement between defendants to show a conspiracy. *Id.* An actionable wrong must be shown in addition to showing that an understanding was reached to violate Plaintiff's constitutional rights. *Bailey v. Board of County Comm'rs of Alachua County,* 956 F.2d 1112, 1122 (11th Cir.) (citation omitted), *cert. denied,* 506 U.S. 832 (1992). "[T]he linchpin for conspiracy is agreement, which

presupposes communication." *Id.*  The mere stringing together of events of in the process without a showing of contacts demonstrating that an understanding was reached is not sufficient to establish a conspiracy.  *See Harvey v. Harvey,* 949 F.2d 1127, 1133 (11th Cir. 1992) (ruling that stringing together the discreet steps in the commitment process without alleging contacts that would prove an understanding was reached did not state a conspiracy claim).  Furthermore, an assertion of a conspiracy that is vague and conclusory fails to state a claim upon which relief can be granted.  *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984).

Plaintiff alleges that he was convicted as the result of a conspiracy.  His allegations, however, do not convey that there was a conspiracy.  Rather, they indicate that the meeting in Defendant Kittrell's chambers created the opportunity for a conspiracy to occur, but there are no allegations tending to show that one, in fact, occurred.  Furthermore, Plaintiff was present for a portion of the meeting and does not appear to have understood all of the events that transpired in the meeting, which can be partially attributed to statements that were allegedly whispered.  Such meetings concerning a case being tried are typical occurrences during the course of a trial.  *See House v. Belsford,* 956 F.2d 711, 722 (7th Cir. 1992)("A mere conference in chambers among the judge, the prosecutor and the defense

attorney certainly falls far short of leading to an inference of a conspiracy."). In the Complaint and Amended Complaint, Plaintiff has not explained what transpired at the meeting or the meaning of the statements that he is recounting to the Court. And the Court is unable to discern from these statements what was said or done. For example, when Defendant Brutkiewicz threw up his arms and was about to leave, the meaning of that action is not explained. Whereas, this action indicates to the Court that more than likely there was no agreement. Moreover, if the meeting in chambers is the basis for Plaintiff's conspiracy claim, it seems unlikely at that late time, when the prosecution was about to rest after the testimony of the next witness, that a conspiracy was formed.

The Court concludes that Plaintiff's factual allegations do not have sufficient heft to raise his conspiracy claim above the speculative level in order to show that he has a right to relief. *Twombly*, 127 S.Ct. at 1965 ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action[.]") (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004)).

> [A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show

> illegality.  Hence, when allegations of
> parallel conduct are set out in order to make
> a . . . claim, they must be placed in a
> context that raises a suggestion of a
> <u>preceding agreement</u>, not merely parallel
> conduct that could just as well be
> independent action.  (Emphasis added)

*Id.* at 1966.  Accordingly, Plaintiff's allegations lack

plausibility because they reflect conduct that is typical or

parallel to a normal criminal trial and are void of a evidence of

an agreement.  Plaintiff has failed to state a conspiracy claim

upon which relief can be granted and, therefore, it is due to be

dismissed.  *See Williams v. St. Vincent Hosp.,* 2007 WL 4294710

(11th Cir. Dec. 10, 2007) (unpublished).

    B.  <u>Claims Against Individual Defendants</u>.

        1.  <u>Defendant Kittrell</u>.

Plaintiff directed numerous allegations to Defendant

Kittrell or the "court."  Plaintiff alleges that Defendant

Kittrell knew or should have known what Defendant Brutkiewicz was

doing was wrong and unprofessional, (Doc. 1 at 8, 9; Doc. 5, 6,

8, 12), and that he had an obligation to protect Plaintiff from a

violation of his constitutional rights by intervening, but he

chose not to do so (Doc. 4 at 6, 12).  Instead, he "help[ed] the

Defendant to get a conviction on the Plaintiff, a violation of

the Conspirece Law." (*Id.* at 6).  Furthermore, Defendant

Kittrell is alleged to have known the State's evidence was

insufficient for an indictment for rape, first-degree (*id.* at

11

12); to have "defaulted the integrity of the jury" (*id.* at 8); to have denied Plaintiff's first Rule 20 petition without addressing the merits because he found that it was insufficient and precluded by a procedural bar (*id.* at 12, 63); to have denied the motion for reconsideration because more than forty-two days elapsed since it was filed on May 15, 1989 (*id.* at 12-13); to have denied Plaintiff's second Rule 20 petition as untimely even though it was mailed on April 30, 1990 (*id.* at 14); to have failed to intervene to correct false testimony (*id.* at 24); to have failed to rule on Plaintiff's motion for a mistrial (*id.*); to have sentenced Plaintiff to a term of life imprisonment (*id.* at 26); to have denied Plaintiff a fair and impartial trial (*id.* at 32); and to have denied Plaintiff's motion for post-conviction DNA discovery (*id.* at 34).

In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357, 362, 98 S.Ct. 1099 (1978) (quotation omitted); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996); *Scott v. Hayes*, 719 F.2d 1562, 1563 (11th Cir. 1983). A judge is entitled to this immunity even though the act he undertook "was in error, was done maliciously, or was in excess of [his] authority." *Stump*, 435 U.S. at 356, 98 S.Ct at 1105. Absolute judicial immunity ensures

12

"'that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself,'" *id.* at 355, 98 S.Ct. at 1104 (quotation omitted), which is a "'principle of the highest importance to the proper administration of justice[.]'"  *Id.* (citation omitted).

Defendant Kittrell is alleged to have been a Circuit Court Judge for Mobile County, Alabama.  Plaintiff dealt with Defendant Kittrell in his judicial capacity because conducting a criminal trial, entering rulings in Plaintiff's criminal case and Rule 20 proceedings, handling a criminal case and Rule 20 petitions, and talking with counsel in chambers are acts typically performed by a judge.

An Alabama circuit court has "exclusive original jurisdiction of all felony prosecutions[.]"  ALA. CODE § 12-11-30(2).  And the offense of rape, first degree, is a Class A felony.  ALA. CODE § 13A-6-61.  Furthermore, a Rule 20 (now Rule 32) petition is to be filed in the court of original conviction. *Johnson v. State,* 568 So.2d 365, 365 (Ala. Crim. App. 1990); *see* ALA.R.CRIM.P. 32.1 ("[A]ny defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief[.]").  Thus, it is clear that Defendant Kittrell was acting within his jurisdiction and was dealing with Plaintiff in his judicial

capacity. Defendant Kittrell is therefore entitled to absolute judicial immunity from any damages claim because both prongs of the *Stump* test are satisfied, and is due to have the damages claims against him dismissed as frivolous. *Simmons*, 86 F.3d at 1084-85.

The fact that Plaintiff takes issue with the correctness of Defendant Kittrell's rulings does not deprive Defendant Kittrell of absolute judicial immunity from damages. One of the reasons for judicial immunity is to allow a judge to exercise his authority without apprehension of consequences to himself such as a lawsuit. *Stump*, 435 U.S. at 364, 98 S.Ct. at 1108.

2. <u>Claims Against Defendants Galanos and Smith</u>.

Plaintiff's references to Defendants Galanos and Smith are very few. Defendant Galanos is alleged to have "conspired." (Doc. 4 at 34). This legal conclusion directed to Defendant Galanos is absent of any supporting facts and, therefore, amounts only to a conclusory assertion. Thus, the Court concludes that the allegations against Defendant Galanos have failed to state a claim upon which relief can be granted. *Fullman,* 739 F.2d at 556-57 (vague and conclusory assertions of a conspiracy are subject to dismissal).

Based on the few references to Defendant Smith in the trial transcript, it appears that he prosecuted the case for the Mobile County District Attorney's Office. (Doc. 4, Ex. 4 at 52, 53, 57,

14

60, 68).  Plaintiff's allegations, for the most part, refer to the "State" instead of identifying a prosecutor.  By examining the manner in which the reference to the "State" is made, the Court will attempt to determine if the action or statement is typical of a prosecutor and, if so, the Court will address it.

Plaintiff alleges that the registration for the motel room was mailed to Defendant Smith two days before trial and he failed to produce this exculpatory evidence, which indicates that Plaintiff did not register for the room, for Plaintiff (Doc. 4 at 9, 14); the prosecution had a copy of an irrelevant motel registration card and failed to produce the motel registration requested by Plaintiff (*id.* at 19); "[t]he prosecutor 'Tainted' the TRIAL JURY" (*id.* at 8, 24); "[t]he state's evidence [on its face] was insufficient for indictment of the charg[e] of First Degree Rape" (second brackets in original) (*id.* at 9); the State failed to investigate that the "foreign hairs" were not that of Plaintiff (*id.* at 9); the prosecutors knew Defendant Hill's testimony was false in regard to his statement that only the victim's hair was retrieved (*id.* at 20); the "State raised 'STATE PROCEDURL BAR'" (*id.* at 12); the State denied that there was any new evidence (*id.* at 14); and Defendants Galanos, Smith, and Bruktiewicz went into the chambers of Defendant Kittrell, who requested them to do so, to talk about Plaintiff and his trial and then Plaintiff was ordered to come into Defendant Kittrell's

chambers (*id.* at 37).

A prosecutor is entitled to absolute prosecutorial immunity from damages in a § 1983 action for performing his function as an advocate for the government. *Buckley v. Fitzsimmons,* 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615 (1993). He is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process." *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1097 (1986). This immunity encompasses acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995 (1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Fullman*, 739 F.2d at 558-59. This immunity extends also to other judicial proceedings where the prosecutor is acting as the State's advocate in a proceeding relating to the criminal process. *Jones v. Cannon,* 174 F.3d 1271, 1289 (11th Cir. 1999) (indicating that absolute prosecutorial immunity extends to post-conviction proceedings); *Strength v. Hubert,* 854 F.2d 421, 424-25 (11th Cir. 1988) (ruling that absolute immunity extends to the prosecutor involved in grand jury proceedings), *overruled on other grounds by Whiting v. Traylor,* 85 F.3d 581, 584 n.4 (11th Cir. 1996); *Allen v. Thompson,* 815 F.2d 1433, 1434 (11th Cir. 1987) (holding that a prosecutor is entitled to absolute immunity for forwarding

16

information requested by the Parole Commission to the Commission because this was a continuation of the sentencing process that is "intimately associated with the judicial phase of the criminal process").

Moreover, "[p]rosecutors are entitled to immunity for knowingly [offering] perjured testimony and fabricated exhibits at trial[.]" *Rowe,* 279 F.3d at 1280.  And "acts for which a prosecutor enjoys absolute immunity may not be considered as evidence of the prosecutor's membership in a conspiracy for which the prosecutor does not have immunity." *Id.* at 1282.

In the action at hand, Defendant Smith's acts and omissions occurred in Plaintiff's criminal case prior to trial, at trial, and in post-conviction judicial proceedings, while he was acting as an advocate for the State.  Accordingly, Defendant Smith is due to be granted absolute immunity from damages, and the damages claims are due to be dismissed as frivolous. *Imbler*, 424 U.S. at 430-31, 96 S.Ct. at 995.

 3.  <u>Defendants Brutkiewicz, Rivers, and Hooks</u>.

Plaintiff asserts that Defendant Brutiewicz, his criminal defense trial counsel, rendered ineffective assistance of counsel.  (Doc. 1 at 8).  Plaintiff alleges that Defendant Brutiewicz was ineffective because he failed to defend against both elements of the indictment (Doc. 4 at 7); did not "check" the State's prosecution thereby allowing in irrelevant,

inflammatory, and false testimony (*id.*); did not preserve these
errors for appeal (*id.*); "raised and defaulted 'MOTION FOR
SUMMARY JUDGMENT,' WHICH defaulted the 'Penetration' element of
the defense" (*id.* at 8); "defaulted all remaining material
evidence against the 'forcible compulsion' element" (*id.*); and
"defaulted" on testing the victim's hair to Plaintiff's hair to
prove that Plaintiff was not the perpetrator (*id.* at 9); allowed
State's investigator to state that there were not any foreign
hairs (*id.* at 10), "defaulted" on the medical report that stated
there were no foreign hairs "AFTER the State's Witness admitted
there were 'hairs' in the rape kit she received" (*id.*), was
obligated to correct the record regarding the false testimony
that no other hairs were in the rape kit (*id.* at 20); argued a
half-truth that the intercourse was consensual, when the State's
evidence would prove that someone else was the perpetrator (*id.*
at 10); "defaulted" the appeals process because he did not
preserve the errors for appeal (*id.*); filed two days after
receiving the medical report a "MOTION FOR SUMMARY JUDGMENT,"
stating that "[c]onsent is an absolute defense to the indictment"
(*id.* at 16); "defaulted" on the penetration element because the
consent defense admits to penetration (*id.* at 17); did not
explain "the pitfalls of Motion for Summary Judgment" (*id.* at
18); failed to investigate the motel room and to determine the
registrant's identity (*id.*); "defaulted" on possible evidence

18

when the State was not required to determine quality or quantity of seminal fluid and to make comparison tests (*id.* at 21); had no witnesses for the defense (*id.* at 22); failed to suppress irrelevant and inflammatory evidence when he asked only for a motion in limine (*id.*); failed to preserve error for appeal when the court revisited the Motion for Mistrial (*id.* at 22); failed to raise objection to preserve error for appeal (*id.* at 23); stipulated to the State's opportunity witness (*id.*); sabotaged the defense (*id.*); acted in such a manner to prejudice the jury against Plaintiff (*id.*); asked for a mistrial, but the court did not rule on it (*id.* at 24); wanted to try the case even though three jurors had been contacted and would not move again for a mistrial (*id.*); failed to determine that the foreperson of the jury was married to a secretary at a local law firm (*id.* at 25); failed to obtain for a juror a transcription of Plaintiff's testimony (*id.*); made remarks at sentencing that were contrary to those of reasonable counsel, causing Plaintiff to receive a sentence of life imprisonment (*id.* at 26); and "defaulted Plaintiff's trial and direct appeal beyond possible recovery" (*id.* at 27).  Plaintiff contends that "without errors of assistance by defense counsel, Brugtkiewi, the state's evidence [on its face] was insufficient . . . because . . . someone other than the Plaintiff was registrant of the alleged motel room." (*Id.* at 9).

19

Defendants Hooks and Rivers were allegedly Plaintiff's counsel on his Rule 20 petition filed on March 15, 1989, and denied on March 17, 1989. (Doc. 4 at 28-29). Defendant Rivers associated Defendant Hooks because he was more experienced. (*Id.* at 73). They raised for the first time ineffective assistance of counsel but failed to defend against the State's Rule 20.2 defense based on a preclusion of remedies. (*Id.* at 29 & 74). Defendant Hooks withdrew from the case. (*Id.*). These two attorneys allegedly "defaulted" Plaintiff's petition. (*Id.*). Another attorney was retained and filed a motion to reconsider. (*Id.*).

A necessary element in a § 1983 action is that the defendant have acted under color of state law when the alleged constitutional deprivation was committed. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). However, in a § 1983 action, criminal defense counsel, retained or court-appointed, does not act under color of state law in the absence of a conspiracy. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981) (public defender); *Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir.) (retained counsel), *overruled on other grounds by Sparks v. Duval County Ranch Co.,* 604 F.2d 976 (5th

Cir. 1979).[2]

In *Dodson* the Supreme Court had before it as a defendant court-appointed counsel and reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." *Dodson,* 454 U.S. at 318, 102 S.Ct. at 449. The *Dodson* Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Id.* at 319, 102 S.Ct. at 450 (footnote omitted). The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law. *Id.* at 325, 102 S.Ct. at 453. Thus, the Court ruled that the § 1983 complaint must be dismissed against criminal defense counsel for lack of state action. *Id.*

In the present action, Defendant Brutkiewicz was a retained attorney as were Defendants Rivers and Hooks. Thus, with the source of payment for Plaintiff's representation not being the State, Defendants Brutkiewicz, Rivers and Hooks are even further removed from acting under color of state law than the *Dodson*

---

[2]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

public defender who was paid by the state.  However, Plaintiff alleged a conspiracy to convict him.  The Court found that this claim failed to state a claim upon which could be granted, *supra*. Consequently, these Defendants did not act under state law and are due to be dismissed from this § 1983 action.

       4.  <u>Defendant Hill</u>.

      Plaintiff identifies Defendant Hill as a detective for the Mobile County Sheriff's Department.  (Doc. 1 at 11; Doc. 4 at 3). Plaintiff's references to Defendant Hill are scant.  Plaintiff alleges that "the first identification of the alleged motel and room number was by Detective David Hill on direct examination." (Doc. 4 at 18).  Next, Plaintiff contends that Defendant Hill testified falsely when he said that "[t]here's nothing in the records to indicate there was any pubic hairs other than the victim's that were retrieved."  (*Id.* at 20 & 27-28).  In addition, Plaintiff attached a copy of the trial transcript where Defendant Hill testified that it is the function of the Department of Forensic Science and medical personnel to determine if there were hairs on the victim's body that did not belong to her and that he did not attempt to get samples of hair from Plaintiff or to determine if there were alien hairs on the victim.  (*Id.* at 50-52).  In concluding his Amended Complaint, Plaintiff summarizes many allegations and then, in pertinent part, claims that "the State is responsible for the false

22

testimony of its chief investigator." (*Id.* at 32).

Plaintiff's claims against Defendant Hill are for giving false testimony during his trial. A witness, however, is entitled to absolute witness immunity from damages for the testimony that he gives at trial. *Briscoe v. LaHue,* 460 U.S. 325, 326, 340, 103 S.Ct. 1108, 1111, 1121 (1983) (finding that the police officer was entitled to absolute immunity from damages for his alleged perjured testimony at trial). The overriding reason for granting immunity to all witnesses for their testimony at trial is to protect the judicial process from disruption and to allow participants, i.e., judges, prosecutors, and witnesses, to perform without fear of intimidation or harassment. *Id.* at 335, 103 S.Ct. at 1115. The claims against Defendant Hill are, therefore, frivolous, and are due to be dismissed.

C.  Claim for "Other Relief".

In addition to Plaintiff's damages request, he has a claim for "other relief as it may appear that plaintiff is entitled." (Doc. 4 at 35; *see* Doc. 1 at 12). No details were provided regarding this relief. Elsewhere in the Amended Complaint, Plaintiff states that he wanted a new trial, but the State prevented it (Doc. 4 at 19) and that the verdict should by overturned as a result of trial counsel's ineffectiveness (*id.* at 25). Considering the tenor of his allegations and the repeated actions that he has brought to obtain relief from his conviction,

23

the "other relief" that the Court can discern that Plaintiff may want is in the nature of habeas relief.  Otherwise, the Court cannot discern any relief that he may want or to which he may be entitled.

Relief that is habeas in nature is unavailable to Plaintiff in a § 1983 action.  *Abella v. Rubino*. 63 F.3d 1063, 1066 (11th Cir. 1995).  In a § 1983 action, "declaratory or injunctive relief claims which are in the nature of habeas corpus claims- i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release - are simply not cognizable under § 1983."  *Id.* at 1066.  "'[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.'"  *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994)).  Therefore, Plaintiff's claim for "other relief" is frivolous as a matter of law.

In light of the Court's foregoing analysis that each Defendant is due to be dismissed based on absolute immunity from damages or lack of state action and the unavailability of "other relief," this § 1983 action is due to be dismissed with prejudice.  *Cf. Abella*, 63 F.3d at 1065 (dismissing with prejudice).

     D.   <u>An Alternate Basis for Dismissal</u>.

          1.   <u>Application of Heck v. Humphrey Decision</u>.

In the foregoing the Court discussed allegations directed to each Defendant and found that each Defendant is due to be dismissed from this action for reasons of immunity or lack of state action.  District courts have been directed by the Eleventh Circuit Court of Appeals to make this foregoing analysis before applying the holding from *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364 (1994).  *Abella*, 63 F.3d at 1065 n.3.  The Eleventh Circuit reasoned that a defendant should have an immunity issue addressed first rather than have the dismissal occur under *Heck v. Humphrey* on ripeness grounds in order for the defendant to avoid being sued again in a future suit.  *Id.*

In *Heck v. Humphrey*, the Supreme Court held, in a § 1983 action challenging a conviction and seeking to recover damages, that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if

25

it would, the complaint must be dismissed
unless the plaintiff can demonstrate that the
conviction or sentence has already been
invalidated.  But if the district court
determines that the  plaintiff's action, even
if successful, will *not* demonstrate the
invalidity of any outstanding criminal
judgment against the plaintiff, the action
should be allowed to proceed (footnote
omitted), in the absence of some other bar to
the suit (footnote omitted).

*Id.* at 486-87, 117 S.Ct. at 2372-73.

The substance of Plaintiff's § 1983 action is that he has
been wrongfully convicted and he wants damages therefor.
Plaintiff's damages claims that would invalidate his conviction
if the Court were to rule favorably on them are not recognizable
in this action if his conviction has not "been reversed on direct
appeal, expunged by executive order, declared invalid by a state
tribunal authorized to make such determination, or called into
question by a federal court's issuance of a writ of habeas
corpus, 28 U.S.C. § 2254." *Id.* at 487, 114 S.Ct. at 2372.  Until
the prescribed invalidation of a conviction occurs, the *Heck*
decision "den[ies] the existence of a cause of action." *Id.* at
489-90, 114 S.Ct. at 2373-74.

In the action at hand, Plaintiff has not shown that his
conviction has been invalidated.  (Doc. 1 at 6).  Nor does it
appear that he can show invalidation.  *See Back v. Holt,* CA 93-
0043-AH-C (S.D. Ala. Apr. 15, 1996) (denying Plaintiff's petition

for the writ of habeas corpus).[3]  As a consequence, those claims
that would invalidate his conviction if the Court were to rule

---

[3]In Plaintiff's federal habeas action, counsel was appointed
for Plaintiff. (Doc. 55 at 1).  But, after the pretrial order
was prepared and a status conference was held, an evidentiary
hearing was deemed unnecessary. (*Id.* at 1-2).  A Report and
Recommendation, which was adopted, was entered recommending that
his petition for the writ of habeas corpus be denied. (*Id.* at
59; Docs. 59 & 60).

    In the Report and Recommendation, six claims were determined
to be at issue. (*Id.* at 35-36).  A brief description of these
claims follows:  (1) Whether Plaintiff was denied his right to an
impartial jury when Judge Kittrell failed to grant a mistrial
after it was clear that a witness had communicated with jurors
and that the jury was tainted; (2) whether Plaintiff was denied
due process when Judge Kittrell failed to grant a mistrial based
on the inflammatory, prejudicial, and irrelevant statement made
in opening argument that Plaintiff had told someone that "a lady
accused me of rape two years ago and I put out a con . . .."; (3)
whether Plaintiff was denied due process of law because his rape
conviction was not based upon sufficient evidence from which a
reasonable juror could conclude beyond a reasonable doubt that he
raped the victim; (4) whether he was denied due process of law
because his trial counsel rendered ineffective assistance of
counsel by not insisting on a mistrial after the initial
discovery that the jury was tainted and by not renewing the
motion for mistrial when Judge Kittrell struck two petit jurors
but failed to strike or investigate the other jurors remaining on
the jury who had communicated with the witness; (5) whether
Plaintiff was denied due process of law when his trial counsel
rendered ineffective assistance of counsel by arguing the defense
of consent after Plaintiff had insisted that he was innocent and
had instructed his counsel to defend the case based on his
innocence; and (6) whether Plaintiff's sentence of life
imprisonment was arbitrary, capricious, and unprincipled, given
the totality of the circumstances, and thereby violating due
process of law. (*Id.* at 35-37).

    Plaintiff's claims four through six concerning ineffective
assistance of counsel were determined to be procedurally
defaulted. (*Id.* at 46-50).  Claims one through three were
addressed on the merits and found to be lacking. (*Id.* at 50-59).
Thus, it was recommended that the petition be denied. (*Id.* at
59).

favorably on them are due to be dismissed.[4]


2.   <u>Application of the Statue of Limitations</u>.

Notwithstanding, if there are claims that would not
invalidate Plaintiff's conviction if the Court were to rule
favorably on them, such claims more than likely would be
precluded from review by the two-year statute of limitations for
§ 1983 actions.  The *Heck* Court indicated that some claims may
proceed in a § 1983 action because a favorable ruling on them
would not have the affect of invalidating an outstanding
conviction.  *See, e.g., Id.* at 487 n.7, 113 S.Ct. at 2372 n.7 (a
damages claim for an unreasonable search may not be precluded by
*Heck* due to doctrines like independent source and inevitable
discovery).  And there may be other claims, such as a false
arrest claim, that are completed before a person is convicted.

_____

[4]At this time the Court is not identifying the individual
claims of Plaintiff in this action for several reasons.
Plaintiff's Amended Complaint does not clearly present his
claims.  Based on some of the matters of which he complains, it
cannot be determined if it is a claim or background information,
and then, if it is a claim, is it one that is in the nature of a
state law violation, and not a constitutional violation, or is it
a complete claim or is it a violation at all.  Lastly, the manner
in which the Court is disposing of the claims, i.e., recommended
dismissal because Defendants are immune from the damages or do
not act under color of state law and no "other relief" is
available to Plaintiff, *supra,* or, in the alternative,
Plaintiff's damages claims are precluded from review by *Heck v.
Humphrey, supra,* or by the two-year statute of limitations, and
no "other relief" is available to him in this action, *infra,* does
not necessitate at this time that each claim be construed.

*Wallace v. Kato,* 549 U.S. 384, ___, 127 S.Ct. 1091, 1096 (2007)
(false imprisonment is detention without legal process and ends
once a person is held pursuant to legal process).  These type of
claims do not appear to be present in this action.

The vast majority of Plaintiff's claims appear to be of the
nature that a favorable ruling by the Court on them would
invalidate his conviction considering that the tenor of his
allegations are concerned with his trial and post-conviction
proceedings.  Even though it does not appear that Plaintiff has
claims that would not invalidate his conviction or that were
completed before he was convicted, such claims would seem to have
accrued years ago near the time when Plaintiff was convicted,
June 5, 1987.  Under federal law, "[accrual occurs] when the
plaintiff has 'a complete and present cause of action'" . . .
"'that is, when plaintiff can file suit and obtain relief.'"
*Wallace,* 127 S.Ct. at 1095 (quotations omitted).  "The cause of
action accrues even though the full extent of the injury is not
then known or predictable."  *Id.* at 1097 (quotation omitted).
Theoretically, the type of claims that could proceed, e.g., false
arrest and unreasonable search, would have been completed by the
date of trial.

Considering that a § 1983 action is described as a
constitutional tort action, a state's statute of limitations for
personal injury actions is borrowed for the statute of

limitations in a § 1983 action.  *Id. at* 1094.  In Alabama the statute of limitations for a § 1983 action is two years.  *Lufkin v. McCallum,* 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  However, this action was received by the Court on September 10, 2007, which is at least twenty years since Plaintiff was convicted.  (Doc. 1).  Thus, it is highly unlikely that a claim remains that would not be is not barred by *Heck* or would not be barred by the two-year statute of limitations.

3.  Request for "Other Relief".

The Court's foregoing discussion on the application of *Heck* addresses only damages.  *Heck,* 512 U.S. at 486-87, 114 S.Ct. at 2371-72 (the decision in *Heck* pertains only to a request for damages in a § 1983 action).  However, Plaintiff also requested "other relief" that the Court deems proper.  The Court adopts its prior analysis of this request for relief and finds that such relief is only available in a habeas proceeding and is, therefore, frivolous.

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and(ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

30

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the

fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 2nd day of December, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE