IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED DEC 12 '08 PM 12:12 USDCALS

FRANK LEE BACK #147599
Plaintiff

vs

Braxton Kittrell, et al.,
Defendants

Civil Action 07-0638-KD-M

## MOTION OF OBJECTION TO MAGISTRATES' RECOMMENDATION

Comes Now Frank Lee Back, Plaintiff, Pro'Se in the above styled cause and moves the United District Court to deny Magistrate's recommendation and states credible grounds as follows:

(1) Plaintiff's case is one of actual innocence that unreasonably and maliciously progressed into a miscarriage of justice; a conviction by conspiracy fostered by a circuit judge, district attorney, legal counsel and others as declared in his argument, and now alleges the following also;

(2) Plaintiff can now introduce a new witness, Darlene (White) McDuffy;

(3) McDuffy is a material witness who can expound upon the detailed intricacies of her intimate relationship not only with plaintiff but also her intimacy with defendant Kittrell in an actual heated contest for McDuffy -- as these situations do occur periodically;

(4) Even so, there are numerous issues of material fact that were never sufficiently addressed nor properly adjudicated in proper judicial manner -- their relevance were put aside as though such evidence or lack thereof never existed which do reveal that D.A. Gary Smith and Assistant Donald Brutkiewicz, defense counsel John Rivers and Gary Hooks and other defendants. Plaintiff had been selected by the judge and district attorneys and specifically 'chosen' as a scape-goat in his criminal case -- was constrained, persecuted and prosecuted for no other reason than Kittrell's jealousy over plaintiff's relationship (marriage) to McDuffy;

(5) Plaintiff told defense attorney(s) that there were from 90 to 100 witnesses who had been harvesting produce at an Agricultural operation in Lawrence County, Michigan, who were willing and ready undergo depositions testifying that Plaintiff was at their location during the time the victim in this case was raped which would, considering the near 1000 mile distance from the crime scene, strongly suggest if not provide sufficient evidence, that a different suspect was involved in this crime;

(6) Providing further credibility to plaintiff's pleading is the fact defense counsel did not get the required depositions from any of the 90 or MORE available witnesses at the Agricultural operation in Michigan for evidence of innocence at trial;

(7) Adding further weight to plaintiff's credibility was his repeated requests that Alabama State forensics take samples of his DNA for analysis and comparative studies, but the State refused undergo proper testing of said DNA and thus forsaking ultimate evidence to assist in its own prosecution -- It is mysterious that the State refused to conduct DNA analysis of two hairs found at the crime scene, that could shown plaintiff committed the actual rape of the victim. Why would the State refuse such viable evidence? Is it because the two hairs were not from the plaintiff? It makes no sense the State would denounce forensic evidence to assist in its prosecution!

(8) Further credibility is derived from the fact Plaintiff had repeatedly requested a polygraph examination from the State that plaintiff believed would help prove he did not rape the victim in the case.

Wherefore the State prosecutor's conduct to forego gathering & submitting to the Court forensic evidence, coupled with defense counsel not taking depositions from the available pool of viable witnesses and other ineffective counsel shortcomings (as stated on pages 17 thru 22 of the Magistrate's Report & Recommendation), coupled with the circuit judge not considering the relevance and the need for such evidence to get to the truth of the matter as well as protect plaintiff's constitutional rights -- strongly suggests a plan (conspiracy) to convict someone (plaintiff); and for which reason plaintiff would therefore request this U.S. District Court not prejudice this case, but allow it to proceed to the discovery phase so as to provide further clarification of a conspiracy to convict an innocent man.

Wherefore plaintiff request up to 30 additional days to secure more relevant evidence that would help to reinforce his viable objection to forego Magistrate's recommendation.

Wherefore plaintiff will also pursue habeas relief to overturn his illegal conviction, would like to proceed with this 1983 Action against defendants in this case and thus be permitted to have the opportunity to do so as the Heck decision would allow! Id at 489-90, 114 SCt 2373-74.

Submitted this the 10th day of December 2008.

Frank Lee Back 147599

Frank Lee Back #147599
K 1A, G.K. Fountains, PO Box 3800
Atmore, AL 36503

Declaration under Penalty of Perjury

I Frank Lee Back declare under penalty of perjury do hereby affirm that the following is true and correct to the best of my knowledge. Executed on December 10, 2008.

Frank Lee Back
Frank Lee Back

FRANK LEE ISAAC 149599
FOUNTAIN 3800 · K-1-07-A
ATMORE, Al
36503-3800

MOBILE AL 366
11 DEC 2008 PM 1 T

12-10-08 Time - 4:30 Pm
36602+3606

UNITED STATe DiSTRicK CouRT
SOUTHERN DiSTRick OF AlABAMA
CLERK
113 ST. JOSEPH STReeT
MOBile, AlABAMA.
36602